ANTONY J. McSHANE (*pending* pro hac vice)
   amcshane@nge.com
MICHAEL G. KELBER (*pending* pro hac vice)
   mkelber@nge.com
KARA C. MICHELS (*pending* pro hac vice)
   kmichels@nge.com
NEAL, GERBER & EISENBERG LLP
Two North La Salle Street, Suite 1700
Chicago, IL 60602
Telephone:  (312) 269-8000
Facsimile:   (312) 429-3588

KARIN G. PAGNANELLI (SBN 174763)
   kgp@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Plaintiff
Lettuce Entertain You Enterprises, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| LETTUCE ENTERTAIN YOU ENTERPRISES, INC., | CASE NO. 2:24-cv-00347 |
| Plaintiff, | **COMPLAINT FOR INJUNCTIVE RELIEF** |
| v. | |
| 1541 OCEAN LLC AND WEN YEH, | **Demand For Jury Trial** |
| Defendant. | |

Mitchell
Silberberg &
Knupp LLP

16163703.1

**COMPLAINT**

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff Lettuce Entertain You Enterprises, Inc. files this Complaint for damages and injunctive relief against Defendants 1541 Ocean Ave LLC and its principal, Wen Yeh, and in support thereof states as follows:

### PARTIES

1.      Plaintiff Lettuce Entertain You Enterprises, Inc. ("LEYE") is a corporation organized under the laws of the state of Illinois with a place of business at 5419 North Sheridan Road, Chicago, Illinois 60640.

2.      Defendant 1541 Ocean LLC is a is a limited liability company organized under the laws of the state of California, with its principal place of business at 1541 Ocean Ave, Suite 150, Santa Monica, California 90401.

3.      Defendant Wen Yeh is an individual who resides at 1308 West Elm Street, Alhambra, California 91803. Upon information and belief, Mr. Yeh has directed, authorized, and/or participated in the infringing and unlawful conduct complained of herein.

### JURISDICTION AND VENUE

4.      LEYE brings this action under the Lanham Act, including 15 U.S.C. §§ 1114(a) and 1125(a) (Infringement, False Designation of Origin, and Unfair Competition); 15 U.S.C. § 1116 (Injunctive Relief); 15 U.S.C. § 1117 (Attorneys' Fees and Treble Damages); and California Common Law.

5.      This Court thus has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 (a) and (b) in that it involves an action arising under the Lanham Act.  This Court also has supplemental jurisdiction over the California Common Law causes of action pursuant to 28 U.S.C. § 1367.

6.      Defendants are subject to personal jurisdiction in the State of California because they reside in this judicial district, the unlawful conduct complained of herein causes injury in this judicial district, Defendants transact

Mitchell
Silberberg &
Knupp LLP

16163703.1

business in this judicial district, and Defendants derive revenue from their provision of services within this judicial district and the State of California.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the activities giving rise to the claims alleged herein occurred in this District, and the events giving rise to this Complaint occurred in this judicial district.

## NATURE OF THE ACTION

8.    LEYE brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its well-known and long-used MON AMI GABI trademark and brand. LEYE has used its MON AMI GABI trademark since at least as early as November 1998 in connection with its exceedingly popular restaurants.

9.    As described more fully herein, without LEYE's authorization or consent and with full knowledge of and willful disregard of LEYE's prior rights in its federally registered MON AMI GABI trademark, Defendants have adopted and commenced use of the confusingly similar MON AMI trademark in connection with Defendants' restaurant and bar located on 1541 Ocean Avenue, Suite 150 in Santa Monica, California.

10.    Defendants, therefore, have created circumstances whereby members of the trade and public are likely to be led to incorrectly believe that Defendants and their MON AMI restaurant are authorized or sponsored by, or affiliated or connected with LEYE and its well-known MON AMI GABI trademark and services.

## COMMON ALLEGATIONS

### LEYE and its MON AMI GABI Restaurants

11.    LEYE was founded in 1971 with a vision for providing individuals across the country with unique and healthy, quality food. Since its creation almost 50 years ago, and as a result of its efforts to continually expand, develop, and

Mitchell
Silberberg &
Knupp LLP

16163703.1

3

**COMPLAINT**

1    refine its restaurant and bar concepts, LEYE has become known as one of the most

2    innovative restaurant companies in the country.

3        12.    Today, LEYE owns, licenses, or operates more than 120 restaurants

4    across the United States, including in California, Colorado, Illinois, Florida,

5    Nevada, Texas, Maryland, Minnesota, Virgina and Washington, D.C.  LEYE

6    continues to expand its food and beverage offerings in key locations across the

7    country, including in international airports like Denver International Airport,

8    Charlotte Douglas International Airport, Chicago O'Hare International Airport,

9    Orlando International Airport, and Reagan Washington National Airport, further

10   developing and building upon its already national reputation.

11       13.    LEYE's traditional and on-line restaurants currently include Aba,

12   Antico Posto, Beatrix, Beatrix Market, Big Bowl, Big Bowl Chinese Express, Big

13   City Chicken, Bub City, Café Ba-Ba-Reeba!, Di Pescara, Eiffel Tower, El Segundo

14   Sol, ēma, Frankie's by the Slice, Hub 51, IL Porcellino, Ivy Room, Joe's Live,

15   Joe's Seafood, Prime Steak & Stone Crab, L. Woods Tap & Pine Lodge, Lil Ba-

16   Ba-Reeba!, M Burger, Miru, Osteria Via Stato, Pizzeria Portofino, Ramen-San,

17   Ramen-San Deluxe, R.J. Grunts, Rotisserie Ema, RPM Events, RPM Italian, RPM

18   Seafood, RPM Steak, Saranello's, Shaw's Crab House, Summer House Santa

19   Monica, Sushi-San, Tallboy Taco, The Bamboo Room, The Dalcy, The Oakville

20   Grill & Cellar, Sushi-San, Three Dots and a Dash, Tokio Pub, Twin City Grill, and

21   Wildfire. LEYE and its restaurants offer a broad range of high-quality food and

22   drink items for dine-in, take-out, delivery or catering – all as part of its restaurants'

23   restaurant services and bar services.

24       14.    In addition to the foregoing restaurants, in 1998, LEYE opened its

25   first MON AMI GABI restaurant in Chicago, Illinois. Thereafter, LEYE opened

26   four more MON AMI GABI restaurants – in Las Vegas, Nevada (1999), in

27   Oakbrook, Illinois (2000), in Bethesda, Maryland (2002) and another in Reston,

28   Virginia (2008).

Mitchell
Silberberg &
Knupp LLP

16163703.1

**COMPLAINT**

15.    LEYE's MON AMI GABI restaurant in Las Vegas is located in the heart of the Las Vegas Strip, directly across the street from, and with a view of, the Bellagio fountains.  The MON AMI GABI restaurant in Las Vegas was named one of the top 100 restaurants in the country for gross food and beverages sales, and one of the top 10 restaurants for French food by 10Best.

16.    To protect its significant rights in its MON AMI GABI trademark, LEYE obtained a trademark registration for MON AMI GABI for use in connection with restaurant services, which issued December 21, 1999 as U.S. Reg. No. 2,301,787. A copy of the registration for LEYE's MON AMI GABI mark is attached hereto as Exhibit A. The MON AMI GABI trademark registration is now incontestable, and, pursuant to 15 U.S.C. § 1065, constitutes conclusive evidence of the validity of the trademark, of LEYE's ownership of the trademark, and of LEYE's exclusive right to use the MON AMI GABI trademark in commerce in connection with restaurant services.

17.    For many years, and prior to Defendants' unauthorized adoption and use of their confusingly similar mark, LEYE devoted significant time, effort, and resources to provide, market and promote its restaurant services under and in connection with its MON AMI GABI trademark, establishing both common law rights as well as rights under the Lanham Act.

18.    LEYE promotes its MON AMI GABI restaurants and bars nationally through its websites located at leye.com, lettuce.com and www.monamigabi.com. Actual and prospective patrons from across the country, including a substantial number from California and from the Santa Monica, California area have visited LEYE's websites.  LEYE also promotes its MON AMI GABI restaurants through its social media pages on Facebook, Instagram, and Twitter/X, all of which are accessible nationwide.

19.    In addition, LEYE promotes its MON AMI GABI restaurants through its frequent diner program, which boasts hundreds of thousands of members

Mitchell Silberberg & Knupp LLP

16163703.1

nationwide, with members in all 50 states, including thousands who reside in California, with many of those members residing in the Santa Monica, California area, in particular. All members receive email newsletters promoting LEYE's restaurants, including its MON AMI GABI restaurants.

20.    LEYE also promotes and takes reservations for its MON AMI GABI restaurants through the well-known, national reservation service at www.OpenTable.com. Patrons from across the country, including patrons from California, and from Santa Monica, California in particular, have made reservations for LEYE restaurants, including its MON AMI GABI restaurants through this service.

21.    LEYE also promotes its restaurants, including its MON AMI GABI restaurants, by selling Gift Cards and e-Gift Cards through its websites and email newsletters, including a significant number of such Gift Cards and e-Gift Cards to residents of California, and from Santa Monica, California in particular.

22.    As a result of LEYE's use and extensive promotion of its MON AMI GABI trademark in connection with restaurant services, and as shown in the following samples of reviews from www.Yelp.com, consumers from across the country, including from Santa Monica and other California cities, have dined at LEYE's MON AMI GABI restaurant and have become familiar with LEYE and its MON AMI GABI trademark, especially the distinctive and memorable MON AMI portion of the mark:

Mitchell
Silberberg &
Knupp LLP

16163703.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Julianne G.**
Carmel-by-the-Sea, CA
3  52  20

★★★★★ Aug 28, 2016

1 photo

**Mon Ami** is my go to Vegas strip lunch spot. Great food, great service, and if you can catch a spot on the balcony great people watching. The food is classic French fare. I recommend the steak frites or a quiche. Be sure to grab a glass of French wine with your meal. **Mon Ami** has yet to disappoint!


My sister-in-law enjoying lunch on the Mon...

Useful       Funny       Cool



**Kris S.**
Trabuco Canyon, CA
64  24  13

★★★★★ Nov 1, 2022

For me, no trip to Vegas is complete without a bowl of French onion soup from **Mon ami**. I literally walked from resort world, by myself, just for the soup and have zero regrets. Yum

Useful       Funny       Cool

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Erika E.**
Glendale, CA
⌂ 415  ⊡ 906  ⊠ 748

★★★★★  Aug 1, 2012

This review is a, "Can I get an AMEN and a THANK YOU BABY JESUS!" type of review.

First off, I was in Vegas for the weekend with a family of NINE! Nine people who all love each other, have fun and wanted to eat nearly every meal together. With that, Vegas can be a challenge!

We spotted **Mon Ami** from the cab, did a quick yelp search - saw great reviews from James S, Alan K, and Randy B and knew they wouldn't lead me astray! After that I said a small prayer and called for reservations. Nine at 8:30, yes ma'am. The cabs on the strip parted and Celine Dion herself started singing!!

Alas, my group tried every way possible to throw off **Mon Ami**, we called to tell them we were late, we all arrived separately, we had a baby in the group, 4 of us had to be out in time for a 10 pm showing of Jubilee...we laid it on!! **Mon Ami** responded with grace and a smile.

Everyone had great food, heard wonderful things about the french onion soup, the trout, the salmon, the mussels and the salads. I personally had the roasted chicken with green beans and it was a plate of perfection. The beans had a nice snap, my chicken was moist (Lord I hate that word) and the skin was flavorful and crispy!

I love this place and will be back! And yes, we made it just in time to catch the awesomeness that is Jubilee! Thank you **Mon Ami** Gabi!



◎ Useful **1**    ☺ Funny **1**    ☻ Cool **1**

**Richard N.**
Hayward, CA
⌂ 2  ⊡ 63  ⊠ 2

★★★★★  Jun 15, 2015

**Mon Ami** is my favorite place to go for breakfast when I'm in Las Vegas. The blueberry French toast is a must!

◎ Useful    ☺ Funny    ☻ Cool

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Andrew T.**
Mission Viejo, CA
⬜ 40  ⭐ 28  🖼 6

 Nov 30, 2010

My first time at a French steakhouse. The filet with merlot butter was amazing! Melts in your mouth. The service was great and the ambiance was nice. I am used to paying a big price for a nice meal in **California** so I was surprised to see the menu prices here. $32 for an 8 oz filet. Most of their items were around $20-$25 and the quality was above my expectations.

[ ◎ Useful ]  [ 😊 Funny ]  [ 😎 Cool ]

**Bob F.**
Santa Monica, CA
⬜ 27  ⭐ 31  🖼 8

 Dec 30, 2013

UPFRONT DISCLAIMER: I'm not a fan of Las Vegas. Don't like the Oz-like fantasy world and the wretched excess of blatant consumerism that is thrust in your face from every angle. And I'm tired of holding my breath so as not to catch a case of cancer from all the cigarettes as I try to take a shortcut through some casino to get to the street! So I'm kinda prejudiced against just about anything in that town save the Bellagio fountains (how can you not get a kick out of that??!!)

Which brings up restaurants. More celeb restaurants per square foot here than anywhere else in the world and, quite frankly, it's all overkill. Most are factories with a big name attached. And yes, the food at these places can be decent. I just find them to be over-priced splurges for the masses who come here once a year on a big vacation!

But then there's Mon Ami Gabi. The only big name attached here is the Lettuce Entertain You folks out of Chicago who happen to run some pretty popular and very accessible restaurants from Chi-Town to **Santa Monica**. What they've done here at Paris, Paris is create a very friendly French Bistro & Terrace environment with pretty authentic French Bistro fare at a reasonable price -- all staged across the street from those killer fountains of Bellagio! This is not Alain Ducasse cuisine by any stretch of the imagination but the recipes and preparations have integrity, the service is delivered with friendly attitude and the setting is cool. Intimate it is not but you can find your own intimacy within the bustle and flow of the dining scene here. It's alive, glowing, engaging and delicious! We've been there for breakfast, lunch and dinner over several different trips and have always found it to be a good value, delicious and a pleasant escape from the frenetic antics of the Vegas denizens.

I highly recommend Mon Ami Gabi! C'est si bon!

[ ◎ Useful ]  [ 😊 Funny ]  [ 😎 Cool ]

Mitchell
Silberberg &
Knupp LLP

16163703.1

**COMPLAINT**

23.    LEYE's MON AMI GABI trademark, including the more salient MON AMI portion of the trademark, has thus acquired distinctiveness signifying LEYE.  LEYE has cultivated and now owns considerable and valuable goodwill in and symbolized by its MON AMI GABI mark, including the shortened version of the mark, MON AMI. This consumer goodwill and recognition constitutes one of LEYE's most valuable assets and is crucial to the continued vitality of LEYE's business.

**Defendants' Infringement of LEYE's MON AMI GABI mark**

24.    Decades after LEYE registered and began using its MON AMI GABI trademark, in 2023, LEYE learned that Defendants were planning to open a full-service Mediterranean and French-themed restaurant under the name MON AMI, and that this restaurant would be located on Ocean Avenue in Santa Monica, California. This location is just a ten minute walk away from another one of LEYE's restaurants, Stella Barra Pizzeria & Wine Bar, which has been open since 2013 and only recently closed in January 2024.

25.    Promptly upon learning of Defendants' plan to use MON AMI in connection with Defendants' restaurant, in February 2023, LEYE sent a letter to Defendants notifying them of LEYE's prior use of, and superior existing rights in, the MON AMI GABI trademark for restaurant services. LEYE further informed Defendants that their planned use of MON AMI (especially in close proximity to an LEYE restaurant) would lead consumers to mistakenly believe that LEYE had opened a MON AMI restaurant in Santa Monica, or that Defendants' MON AMI restaurant was affiliated or connected with LEYE and its MON AMI restaurants. Accordingly, LEYE informed Defendants that their planned use of MON AMI would infringe LEYE's trademark rights, and LEYE requested that Defendants abandon their plans to use MON AMI in connection with their upcoming restaurant and instead adopt a different name before opening.

Mitchell
Silberberg &
Knupp LLP

16163703.1

12

**COMPLAINT**

26.     Pursuant to 15 U.S.C. §1072, Defendants had constructive knowledge of LEYE's federally registered MON AMI GABI trademark prior to Defendants' unauthorized use of their MON AMI mark, which is confusingly similar to LEYE's MON AMI GABI mark.

27.     Defendants had actual knowledge of LEYE's MON AMI GABI restaurants and LEYE's ownership of its MON AMI GABI trademark at least as early as February 2023, by virtue of the aforesaid letter.

28.     Indeed, Defendant 1541 Ocean LLC's principal, Defendant Wen Yeh admitted he has long been familiar with LEYE and its restaurants, and Mr. Yeh that that LEYE's RPM STEAK restaurant is among his favorite restaurants.

29.     Despite constructive and actual knowledge of LEYE's rights in its MON AMI GABI trademark, and over LEYE's explicit objections, Defendants chose to open their restaurant under the name MON AMI.

30.     Throughout 2023, LEYE attempted to resolve this matter through correspondence and discussions between the parties' counsel concerning LEYE's prior rights in its MON AMI GABI mark, and LEYE's concern that Defendants' opening of a MON AMI restaurant nearby an LEYE restaurant would further exacerbate the likelihood of consumer confusion, and would lead consumers to incorrectly believe that Defendants' MON AMI restaurant was associated or connected with LEYE, or that LEYE had opened the MON AMI restaurant on Ocean Avenue.

31.     Despite LEYE's explicit and repeated objections, Defendants continue to operate their MON AMI restaurant and promote the restaurant on their website, social media pages, and in other ways, including on Yelp.com.

32.     Defendants' knowledge of LEYE's prior use of the MON AMI GABI trademark and their blatant disregard of LEYE's intellectual property rights demonstrates Defendants' bad faith and intentional misconduct.

33.     Defendants' unauthorized use of the MON AMI trademark is likely to confuse consumers in that it will lead consumers to incorrectly believe that LEYE is the source of, has endorsed or approved, or is somehow legitimately associated with Defendants and their restaurant, thereby injuring the goodwill LEYE has built in its MON AMI GABI trademark.

34.     Given Defendants' use of a confusingly similar trademark in connection with services identical to those offered by LEYE under its federally-registered MON AMI GABI trademark, and in light of Defendants' refusal to accede to LEYE's repeated requests and demands to cease use of the MON AMI mark, LEYE has no choice but to protect its rights in its valuable MON AMI GABI trademark through initiation of this action. All of these facts render this matter an exceptional case.

<u>**COUNT I**</u>

**FEDERAL TRADEMARK INFRINGEMENT**

**(15 U.S.C. § 1114(1)(a))**

35.     LEYE realleges and incorporates herein paragraphs 1 through 34 of this Complaint.

36.     Defendants had both actual and constructive knowledge of LEYE's ownership of and rights in its federally-registered MON AMI GABI trademark prior to Defendants' unauthorized use or continued use of the MON AMI trademark for restaurant services.

37.     Defendants' aforementioned use of the MON AMI trademark with restaurant services is without LEYE's authorization or consent.

38.     Defendants' unauthorized use of the MON AMI trademark in connection with its promotion and provision of restaurant services is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants or their services with LEYE and its federally-registered MON AMI GABI mark in violation of 15 U.S.C. § 1114(1)(a).

39.     Defendants' unauthorized conduct has deprived and will continue to deprive LEYE of the ability to control the consumer perception of its restaurant services provided in connection with its MON AMI GABI mark, placing the valuable reputation and goodwill of LEYE in the hands of Defendants, over whom LEYE has no control.

40.     Because Defendants had actual notice of LEYE's prior use of and rights in its MON AMI GABI trademark, Defendants are willfully engaged in trademark infringement in violation of the Lanham Act. Thus, the intentional nature of Defendants' conduct renders this an exceptional case under 15 U.S.C. § 1117(a).

41.     As a result of Defendants' conduct, LEYE has suffered substantial damage and irreparable harm to its MON AMI GABI trademark, constituting an injury for which LEYE has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, LEYE will continue to suffer irreparable harm.

## COUNT II

### FEDERAL UNFAIR COMPETITION AND
### FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

42.     LEYE realleges and incorporates herein paragraphs 1 through 41 of this Complaint.

43.     Defendants have deliberately and willfully used the confusingly similar MON AMI trademark to trade upon LEYE's hard-earned goodwill in its MONA AMI GABI trademark and the reputation established by LEYE in connection with its restaurant services, as well as to confuse consumers as to the origin and sponsorship of Defendants' restaurant services.

44.     Defendants' unauthorized and tortious conduct has also deprived and will continue to deprive LEYE of the ability to control the consumer perception of its services under its MON AMI GABI trademark, placing the valuable reputation

and goodwill of LEYE in the hands of Defendants, over whom LEYE has no control.

45.     Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendants with LEYE, and as to the origin, sponsorship or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

46.     As a result of Defendants' conduct, LEYE has suffered substantial damage and irreparable harm constituting an injury for which LEYE has no adequate remedy at law. LEYE will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

47.     Defendants' actions complained of herein are likely to cause confusion, mistake or deception among consumers as to an affiliation, connection, or association of Defendants' services with LEYE and its MON AMI GABI trademark, and as to the origin, sponsorship, or approval of Defendants and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C.  §1125(a).

## COUNT III

## CALIFORNIA COMMON LAW TRADEMARK
## INFRINGEMENT AND UNFAIR COMPETITION

48.     LEYE realleges and incorporates herein paragraphs 1 through 47 of this Complaint.

49.     LEYE is the owner of valid common law rights in the trademarks MON AMI GABI and MON AMI, which it has used continuously and in connection with the marketing, offering, and sale of its restaurant services long prior to Defendants' adoption and first use of the confusingly similar MON AMI mark.

50.     Defendants' actions complained of herein are likely to cause confusion, mistake, or deception among consumers as to an affiliation, connection, or association of Defendants' services with LEYE and its MON AMI GABI

Mitchell
Silberberg &
Knupp LLP

16163703.1

1  trademark, and as to the origin, sponsorship or approval of Defendants and their

2  services in violation of California common law.

3        51.  Defendants' unauthorized conduct also has deprived and will continue

4  to deprive LEYE of the ability to control the consumer perception of its restaurant

5  services offered in connection with its MON AMI GABI and MON AMI

6  trademarks, placing the valuable reputation and goodwill of LEYE in the hands of

7  Defendants, over whom LEYE has no control.

8        52.  Because Defendants had actual notice of LEYE's prior use of and

9  rights in its MON AMI GABI and MON AMI trademarks before Defendants began

10  using the confusingly similar MON AMI trademark, Defendants are willfully

11  engaged in common law trademark infringement in violation of California

12  common law.

13        53.  As a result of Defendants' conduct, LEYE is likely to suffer harm, and

14  has in fact already been injured. Unless this Court enjoins Defendants' conduct,

15  LEYE will continue to suffer irreparable harm.

16  **COUNT IV**

17  **VIOLATION OF CALIFORNIA UNFAIR PRACTICES ACT**

18  **(Cal. Bus. & Prof. Code § 17200)**

19        54.  LEYE realleges and incorporates herein paragraphs 1 through 53 of

20  this Complaint.

21        55.  The Unfair Business Practices Act under Cal. Bus. & Prof. Code

22  §17200 et seq. defines unfair business competition to include any "unfair,"

23  "unlawful," or "fraudulent" business act or practice.  The Act also provides for

24  injunctive relief and restitution for violations.

25        56.  Defendants' acts described above constitute unfair competition in

26  violation of Cal. Bus. & Prof. Code §17200, as the aforementioned acts amount to

27  an intentional misappropriation of LEYE's MON AMI GABI and MON AMI

28  marks, as well as LEYE's reputation and commercial advantage.

57.     Defendants' use of the infringing MON AMI mark, which is substantially identical to LEYE's MON AMI GABI and MON AMI marks, in connection with the identical services with which LEYE uses its well-known MON AMI GABI and MON AMI marks, is likely to cause confusion, mistake, or deception  among consumers by allowing Defendants to pass off their restaurant services as being affiliated with, connected to, or associated with LEYE.

58.     Defendants have willfully and intentionally misappropriated and exploited the valuable intellectual property rights and goodwill of LEYE in its MON AMI GABI and MON AMI marks.  As a result of their wrongful actions, Defendants are being and will be unjustly enriched.

59.     As a result of Defendants' aforesaid conduct, LEYE has suffered substantial damage and irreparable harm constituting an injury for which LEYE has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, LEYE requests that this Court enter a judgment in its favor and against Defendants as follows:

A.     Declaring that Defendants have infringed LEYE's MON AMI GABI trademark and has engaged in unfair competition under 15 U.S.C. §§ 1114 and 1125; and have committed acts of unfair competition and trademark infringement in violation of California law;

B.     Permanently enjoining and restraining Defendants, their agents, servants, employees and attorneys, and any other persons in active concert or participation with them from:

(1)     using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or internet domain name that is comprised in whole or in part of the term MON

1          AMI, or any term confusingly similar to LEYE's MON AMI

2          GABI trademark; or

3      (2)    doing any act or thing that is likely to induce the belief that

4          Defendants' goods, services, or activities are in some way

5          connected with LEYE's business, or that is likely to injure or

6          damage LEYE's name, marks or business; and

7    C.    Requiring that Defendants:

8      (1)    reimburse LEYE for all damages it has suffered by reason of

9          such acts, account for and pay over to LEYE all profits derived

10          by reason of their acts of infringement, false designation of

11          origin, and unfair competition;

12      (2)    remit to LEYE exemplary, treble, damages as provided for in

13          15 U.S.C. § 1117 and at common law;

14      (3)    deliver to LEYE's counsel for destruction all promotional

15          materials, products, advertisements, signs, brochures, packages,

16          menus, and other printed materials bearing the MON AMI mark

17          or any other marks confusingly similar to LEYE's MON AMI

18          GABI trademark and all means for making the same that are in

19          Defendants' possession or control within ten (10) days of the

20          entry of the Order;

21      (4)    reimburse LEYE for the costs it has incurred in bringing this

22          action, together with its reasonable attorneys' fees and

23          disbursements; and

24   D.    Awarding LEYE such other and further relief as this Court deems just

25 and proper.

26

27

28

1

Dated: January 12, 2024

ANTHONY J. McSHANE
KARA C. MICHELS
NEAL, GERBER & EISENBERG LLP

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP


By:  _/s/ Karin G. Pagnanelli_
    Karin G. Pagnanelli (SBN 174763)
    Attorneys for Plaintiff
    Lettuce Entertain You Enterprises, Inc.

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury of any issues so triable by right.

Dated: January 12, 2024

ANTONY J. McSHANE
MICHAEL G. KELBER
KARA C. MICHELS
NEAL, GERBER & EISENBERG LLP

KARIN G. PAGNANELLI
MITCHELL SILBERBERG & KNUPP LLP


By: _/s/ Karin G. Pagnanelli_
    Karin G. Pagnanelli (SBN 174763)
    Attorneys for Plaintiff
    Lettuce Entertain You Enterprises, Inc.

Mitchell
Silberberg &
Knupp LLP

16163703.1

**COMPLAINT**

# EXHIBIT A

**Generated on:** This page was generated by TSDR on 2023-12-13 16:09:14 EST

**Mark:** MON AMI GABI

MON AMI GABI

| | | | |
|---|---|---|---|
| **US Serial Number:** 75528428 | | **Application Filing Date:** Jul. 29, 1998 | |
| **US Registration Number:** 2301787 | | **Registration Date:** Dec. 21, 1999 | |
| **Register:** Principal | | | |
| **Mark Type:** Service Mark | | | |

**TM5 Common Status Descriptor:**



LIVE/REGISTRATION/Issued and Active

The trademark application has been registered with the Office.

**Status:** The registration has been renewed.

**Status Date:** Jan. 18, 2019

**Publication Date:** Sep. 28, 1999

## Mark Information

**Mark Literal Elements:** MON AMI GABI

**Standard Character Claim:** No

**Mark Drawing Type:** 1 - TYPESET WORD(S) /LETTER(S) /NUMBER(S)

## Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:
- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** restaurant services

| | | | |
|---|---|---|---|
| **International Class(es):** 042 - Primary Class | | **U.S Class(es):** 100, 101 | |
| **Class Status:** ACTIVE | | | |
| **Basis:** 1(a) | | | |
| **First Use:** Jun. 26, 1998 | | **Use in Commerce:** Jun. 26, 1998 | |

## Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** Yes | | **Currently Use:** Yes | |
| **Filed ITU:** No | | **Currently ITU:** No | |
| **Filed 44D:** No | | **Currently 44E:** No | |
| **Filed 44E:** No | | **Currently 66A:** No | |
| **Filed 66A:** No | | **Currently No Basis:** No | |
| **Filed No Basis:** No | | | |

## Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | LETTUCE ENTERTAIN YOU ENTERPRISES, INC. |
| **Owner Address:** | 5419 NORTH SHERIDAN<br>CHICAGO, ILLINOIS UNITED STATES 60640 |
| **Legal Entity Type:** | CORPORATION |

| | |
|---|---|
| **State or Country Where Organized:** | ILLINOIS |

## Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | Antony J McShane | **Docket Number:** | 16760-7081 |
| **Attorney Primary Email Address:** | trademarks@nge.com | **Attorney Email Authorized:** | Yes |

### Correspondent

| | |
|---|---|
| **Correspondent Name/Address:** | Antony J McShane<br>Neal, Gerber & Eisenberg, LLP<br>2 North LaSalle Street, Suite 1700<br>Chicago, ILLINOIS UNITED STATES 60602 |
| **Phone:** 312.269.8000 | **Fax:** 312.269.1747 |
| **Correspondent e-mail:** trademarks@nge.com | **Correspondent e-mail Authorized:** Yes |

### Domestic Representative - Not Found

## Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jan. 18, 2019 | NOTICE OF ACCEPTANCE OF SEC. 8 & 9 - E-MAILED | |
| Jan. 18, 2019 | REGISTERED AND RENEWED (SECOND RENEWAL - 10 YRS) | 70187 |
| Jan. 18, 2019 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | 70187 |
| Jan. 18, 2019 | CASE ASSIGNED TO POST REGISTRATION PARALEGAL | 70187 |
| Dec. 27, 2018 | TEAS SECTION 8 & 9 RECEIVED | |
| Dec. 21, 2018 | COURTESY REMINDER - SEC. 8 (10-YR)/SEC. 9 E-MAILED | |
| Jul. 22, 2009 | REGISTERED AND RENEWED (FIRST RENEWAL - 10 YRS) | 65765 |
| Jul. 22, 2009 | REGISTERED - SEC. 8 (10-YR) ACCEPTED/SEC. 9 GRANTED | |
| Jun. 25, 2009 | ASSIGNED TO PARALEGAL | 65765 |
| Jun. 22, 2009 | TEAS SECTION 8 & 9 RECEIVED | |
| Nov. 25, 2006 | TEAS CHANGE OF CORRESPONDENCE RECEIVED | |
| Jun. 07, 2006 | CASE FILE IN TICRS | |
| Jan. 18, 2006 | REGISTERED - SEC. 8 (6-YR) ACCEPTED & SEC. 15 ACK. | 67826 |
| Oct. 26, 2005 | REGISTERED - SEC. 8 (6-YR) & SEC. 15 FILED | |
| Oct. 26, 2005 | TEAS SECTION 8 & 15 RECEIVED | |
| Dec. 21, 1999 | REGISTERED-PRINCIPAL REGISTER | |
| Sep. 28, 1999 | PUBLISHED FOR OPPOSITION | |
| Aug. 27, 1999 | NOTICE OF PUBLICATION | |
| May 24, 1999 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Apr. 27, 1999 | EXAMINER'S AMENDMENT MAILED | |
| Apr. 05, 1999 | ASSIGNED TO EXAMINER | 76637 |

## TM Staff and Location Information

### TM Staff Information - None

### File Location

| | |
|---|---|
| **Current Location:** GENERIC WEB UPDATE | **Date in Location:** Jan. 18, 2019 |

## Assignment Abstract Of Title Information

### Summary

| | |
|---|---|
| **Total Assignments:** 1 | **Registrant:** Lettuce Entertain You Enterprises, Inc. |

**Exhibit A**
**Page 24**

---

**Assignment 1 of 1**

| | |
|---|---|
| Conveyance: | MERGER AND CHANGE OF NAME |
| Reel/Frame: | 3006/0286 |
| Date Recorded: | Jan. 06, 2005 |
| Supporting Documents: | assignment-tm-3006-0286.pdf |

Pages: 6

**Assignor**

| | | | |
|---|---|---|---|
| Name: | LETTUCE ENTERTAIN YOU ENTERPRISES, INC. | Execution Date: | Nov. 24, 2004 |
| Legal Entity Type: | CORPORATION | State or Country Where Organized: | No Place Where Organized Found |

| | | | |
|---|---|---|---|
| Name: | LEYE, INC. | Execution Date: | Nov. 24, 2004 |
| Legal Entity Type: | CORPORATION | State or Country Where Organized: | No Place Where Organized Found |

**Assignee**

| | | | |
|---|---|---|---|
| Name: | LETTUCE ENTERTAIN YOU ENTERPRISES, INC. | | |
| Legal Entity Type: | CORPORATION | State or Country Where Organized: | ILLINOIS |
| Address: | 5419 NORTH SHERIDAN ROAD CHICAGO, ILLINOIS 60640 | | |

**Correspondent**

| | |
|---|---|
| Correspondent Name: | NEAL, GERBER AND EISENBERG, LLP |
| Correspondent Address: | ANTONY J. MCSHANE 2 NORTH LASALLE STREET SUITE 2200 CHICAGO, IL 60602 |

**Domestic Representative - Not Found**

**Exhibit A**
**Page 25**